ALMOND E. PULLIAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pulliam v. Commissioner
Docket No. 14999-92
United States Tax Court
T.C. Memo 1994-609; 1994 Tax Ct. Memo LEXIS 616; 68 T.C.M. (CCH) 1420; T.C.M. (RIA) 94609; December 13, 1994, Filed *616 Decision will be entered for respondent. For petitioner: Chester A. Swart. For respondent: James G. LeBloch. GERBER
GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent determined a deficiency in petitioner's and his now ex-wife's 1983 income tax, including a $ 96.40 addition to tax under section 6653(a)(1) [1] and 50-percent additional interest under section 6653(a)(2). The sole question presented for our decision is whether petitioner is an innocent spouse within the meaning of section 6013(e). [2]
FINDINGS OF FACT [3]
*617 Petitioner resided in Inglewood, California, at the time his petition was filed in this case. Petitioner and his former wife, Hanna Pulliam, filed a joint Federal income tax return for 1983, which included losses totaling $ 6,930. These losses were claimed in connection with two limited partnerships: Mastodon, Ltd. ($ 4,461), and Field Mouse, Ltd. ($ 2,469). Respondent conducted partnership audits of Mastodon, Ltd., and Field Mouse, Ltd., and determined, in Notices of Final Partnership Administrative Adjustments, that the losses of both partnerships were not allowable. Thereafter, a notice of deficiency was issued to petitioner and his former wife, and they separately petitioned this Court alleging error with respect to respondent's determinations concerning the limited partnerships. At the time of trial, petitioner was no longer married to Hanna Pulliam (hereinafter ex-wife). Petitioner, a high school graduate with limited post-high school education, works as a station jailer, controlling people in police custody. Petitioner's former brother-in-law inquired about petitioner's interest in investing in the "government". The investment was described as one where petitioner *618 would participate in two limited partnerships, which purportedly would purchase buildings and lease them to the Federal Government. Petitioner believed that the investments were such that real estate was purchased and ultimately held for profit. Petitioner's ex-wife was the primary motivator in their joint investing. Neither petitioner nor his ex-wife had any prior investing experience. Petitioner and his ex-wife jointly borrowed $ 10,000, which was used to acquire the two limited partnership interests. Losses were claimed with respect to both partnerships on the 1983 income tax return, and petitioner was aware of the claimed losses. Schedules K-1 for the two limited partnerships were received in the mail and attached to petitioner's and his ex-wife's 1983 joint Federal income tax return. Petitioner, using the information received in the mail (including the Schedules K-1) personally placed the various amounts (including the $ 6,930 in claimed losses) on the return. Petitioner was aware that losses would be claimed in subsequent taxable years. As a result of the claimed deductions and partnership proceedings involving the two limited partnerships, petitioner and his ex-wife *619 were subject to respondent's determination of a $ 1,928 deficiency in their 1983 income tax. With the use of the $ 6,930 of claimed losses, petitioner and his ex-wife would receive a $ 148.23 refund of withheld taxes. Without using the $ 6,930 of claimed losses, the couple's reported tax liability would have exceeded the $ 4,162.23 withheld from their wages during 1983 by $ 1,928, for a total 1983 tax liability of $ 6,090.23. OPINION When a husband and wife file a joint Federal income tax return, liability for the tax due is joint and several; hence, each spouse may be required to pay the entire amount. Sec. 6013(d)(3); . If, however, one spouse is without culpability with respect to a deficiency, relief is provided under the innocent spouse provisions of section 6013(e).[4] *621 For section 6013(e) to apply, the spouse seeking relief must satisfy all of the following requirements: (1) That a joint return was filed; (2) that on such return there is a substantial understatement of tax; (3) that the understatement is attributable to grossly erroneous items of the other spouse; (4) that he or she did not know, *620 and had no reason to know, of such substantial understatement when signing the return; and (5) that upon consideration of all the facts and circumstances, it would be inequitable to hold him or her liable for the deficiency in income tax attributable to such substantial understatement. Sec. 6013(e)(1); [5] (citing , affd. . All of the statutory requirements must be met for the taxpayer to be afforded relief. Purcell v. Commissioner, 826 F.2d at 473; . The burden is on petitioner to show that he is entitled to relief as an innocent spouse under section 6013(e). Rule 142(a); (citing , affd. . The parties agree that petitioner filed a joint return with his ex-wife and that there was a substantial understatement of a grossly erroneous item within the meaning of section 6013(e)(1)(B). The remaining controversy is whether petitioner met part of the third and all of the fourth and fifth of the aforementioned statutory requirements. Regarding the third requirement that there be a substantial understatement of tax attributable to grossly erroneous items of the other spouse, the parties' dispute concerns the interpretation of the statutory phrase *622 "items of one spouse". Respondent argues that petitioner cannot meet this requirement because he was an investor with his wife in the two limited partnerships which generated the grossly erroneous items and substantial understatement. In other words, respondent interprets the phrase "items of one spouse" as referring to an item exclusively attributable to the spouse who is not the "innocent spouse". Petitioner contends that the statutory language does not require exclusivity. Petitioner further asserts that both spouses may have been involved in the item, so long as it can be identified with one spouse. In the factual setting of this case, petitioner was a participant in and knowledgeable about the investment, although his ex-wife was the dominant factor in the ultimate decision to invest. The parties' positions attempt to fashion a distinction between "involvement in" and "knowledge of" the source of the grossly erroneous item. The Court of Appeals for the Ninth Circuit has held that, in cases involving grossly erroneous deductions (as opposed to unreported income), knowledge of the underlying transaction, by itself, will not preclude relief. , *623 revg. an Oral Opinion of this Court (as cited in , affg. ). We have expressed our disagreement with the holdings of the Court of Appeals for the Ninth Circuit. See . On appeal, however, this case would proceed to the Court of Appeals for the Ninth Circuit. Because the law or holding is clear in that circuit, then under the so-called "Golsen rule" we follow the standard of the circuit. , affd. . The Court of Appeals for the Ninth Circuit has decided that knowledge alone does not preclude section 6013(e) relief; however, that court has also recognized that the degree of knowledge may reach a point where it seems more likely that the spouse seeking relief would have reason to know that a deduction was "grossly erroneous". ; see . *624 The question we must ask is whether petitioner's active and knowledgeable participation in the subject transactions rose to a level where he knew or had reason to know of the substantial understatement. A spouse has "reason to know" of the substantial understatement if a reasonably prrudent taxpayer, in his position when he signed the return, could be expected to know that the return contained a substantial understatement. In that regard, ignorance of the legal or tax consequences will not necessarily ameliorate the requirements of section 6013(e). ; . Petitioner was aware that he and his ex-wife were investing in limited partnerships that leased buildings to the Government. Having prepared the 1983 return, he was aware that losses were being claimed which reduced the amount of tax liability he and his ex-wife would have otherwise been required to report. He was also aware that $ 10,000 was invested in the limited partnerships and that the losses claimed for the first year totaled $ 6,930. Petitioner also knew that similar *625 losses could have been claimed on future returns. Petitioner emphasizes that his ex-wife and former brother-in-law were the motivating factors, and that he merely went along with his ex-wife's wishes. Petitioner, however, has stipulated that there is a substantial understatement of tax attributable to "grossly erroneous" items. That stipulation, in and of itself, acknowledges that at least one of the joint filers was not an "innocent spouse". Certainly, within the meaning of section 6013(e), Congress did not intend for both joint filers to qualify for innocent spouse relief. With that understanding, we must take into account the circumstances of petitioner and his ex-wife to assist in deciding whether petitioner knew or had reason to know of the substantial understatement. There is no evidence that petitioner's ex-wife was more knowledgeable or more aware than petitioner of the investments or items reported on the joint return, other than her dominating the decision-making process and being more closely related to the promoter (petitioner's former brother-in-law). In , it was held that, if a spouse is aware of virtually *626 all the facts of the transaction underlying the substantial understatement, then her defense is, in essence, premised on ignorance of the law. The Court of Appeals has indicated that, in that setting, "regardless of whether the spouse possesses knowledge of the tax consequences of the item at issue, * * * [the spouse] is considered as a matter of law to have reason to know of the substantial understatement and thereby is effectively precluded from establishing to the contrary." . In applying this standard, the Court of Appeals stated that we should look to both what a spouse actually knows and what the spouse has reason to know. The following factors were provided to assist in that process: (1) Education level; (2) involvement in family business and financial affairs; (3) the presence of lavish or unusual expenditures in light of the established standard of living; and (4) the "culpable spouse's evasiveness and deceit concerning the couple's finances." , citing . *627 Considering the standard and the suggested areas of inquiry, we find that petitioner either knew or had reason to know of the substantial understatement. There is no apparent difference between petitioner and his ex-wife other than the fact that she may have been more dominant in the process of investing. This factor, alone, does not mitigate petitioner's knowledge or involvement, which has not been shown to be different from or less than his ex-wife's. They were jointly involved in the investments and the decision to invest, despite petitioner's ex-wife dominating the decision-making process. They were both aware of the amounts deducted and the effect on their reported income and financial situation. Therefore, petitioner has not satisfied the requirements of section 6013(e)(1) and is not entitled to relief as an innocent spouse. We also note that petitioner was aware of and received the direct benefit of a reduction in the couple's joint tax liability by about one-third as a result of deducting the partnerships' losses. [6] Under those circumstances, and considering petitioner's involvement in the investment and preparation of the return, it is not inequitable to hold petitioner *628 jointly liable for the additions to tax determined by respondent. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Section references are to the Internal Revenue Code in effect for the taxable year under consideration, and Rule references are to this Court's Rules of Practice and Procedure.↩
2. Petitioner's counsel advised at trial that the relatively small amounts involved in this case are being pursued with the hope that a favorable decision will have some effect upon related matters in which petitioner seeks relief under the innocent spouse provisions.↩
3. The parties' stipulation of facts, along with the attached exhibits, are incorporated by this reference.↩
4. Section 6013(e)(1) provides: (e) Spouse Relieved of Liability in Certain Cases. -- (1) In general. -- Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,↩
then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.
5. The Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 801-802, amended sec. 6013(e) to retroactively apply to all years to which the Internal Revenue Code of 1954 applies.↩
6. As previously noted, the couple's tax liability would have been $ 6,090.23, which comprises $ 4,162.23 declared on their return and the $ 1,928 deficiency determined by respondent.↩